UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID G. HOLLETT, | Case No. 2:22-cv-01794-APG-BNW |
| Plaintiff, | **ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| HUNT, et al., | [ECF No. 15] |
| Defendants. | |

Plaintiff David Hollett, an inmate of the Nevada Department of Corrections (NDOC), sued several defendants alleging they used excessive force against him when he was incarcerated at Ely State Prison (ESP). ECF No. 4.  Specifically, Hollett alleges that in June 2022, he was called from his cell to receive insulin. *Id.* at 3-4.  While Hollett was administering his insulin, Correctional Officer Justin Hunt allegedly shut the metal electronic door of the sallyport, slamming the door into Hollett and injuring his shoulder and back.  Hollett claims that Hunt admitted that he purposefully closed the door on Hollett because "it was taking too long." *Id.*

Based on these allegations, Hollett brings an excessive force claim under the Eighth Amendment of the United States Constitution.  I previously dismissed Hollett's claim against all defendants except Hunt. ECF No. 3 at 5.  Hunt now moves for summary judgment, contending that Hollett did not exhaust his administrative remedies and that there is no evidence Hollett was in the sallyport at the time of the alleged incident or that the door was closed upon him. ECF No. 15.  Hollett did not respond to the motion or ask for an extension of time to do so, and the deadline has now expired.  I grant the motion because Hollett did not exhaust his administrative remedies and he has failed to proffer evidence to create a genuine issue of material fact.

/ / / /

## I. Legal Standards

### A. Summary Judgment

Summary judgment is appropriate if the pleadings, discovery responses, and affidavits demonstrate "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

### B. Exhaustion

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly

structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006). NDOC Administrative Regulation (AR) 740 sets forth the requirements and procedures that Nevada state inmates must use to exhaust their administrative remedies. ECF No. 15-7 at 2. The inmate must proceed through three levels of grievance in order to exhaust: the informal level, a first level appeal, and a second level appeal. *Id*. at 11-16 (AR 740.08 – 740.10).

### C. Excessive Force Under the Eighth Amendment

To examine a claim of excessive force under the Eighth Amendment, I should analyze two components: "(1) a subjective inquiry into whether prison staff acted with a sufficiently culpable state of mind; and (2) an objective component that ask[s] whether the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." *Bearchild v. Cobban*, 947 F.3d 1130, 1140 (9th Cir. 2020) (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)) (simplified).

## II. Analysis

### A. Hollett did not exhaust his remedies under AR 740.

In order to exhaust his administrative remedies under AR 740, Hollett was required to grieve his complaint up through a second level appeal. When asked which specific grievance he exhausted with regard to his claim against Hunt, Hollett identified grievance number 2006-31-39691. ECF Nos. 15-4 at 8; 15-5 at 2. Hollett never took this grievance to the second level appeal. ECF No. 15-2. Because he did not exhaust his remedies under AR 740, he cannot maintain this claim. 42 U.S.C. § 1997e(a).

### B. Hollett has not offered evidence to create a genuine issue of fact.

Even if Hollett had exhausted his administrative remedies, his claim would still fail. Hollett must prove that Hunt "acted with a sufficiently culpable state of mind" and that Hunt's "alleged wrongdoing was objectively harmful enough to establish a constitutional violation."

*Bearchild*, 947 F.3d at 1140. Hollett alleges that Hunt slammed the sallyport door on him while he was taking his insulin. However, at least two NDOC officials reviewed video camera footage for the days and times in question[1] and found no evidence that Hollett was near the sallyport door on either date and time. ECF No. 15-2 at 3, 5; ECF No. 15-6 at 3. If Hollett had been slammed by the sallyport door, the nurse who was providing the insulin would have seen it, documented the injuries, and filed a report. ECF No. 15-3 at 4. If medical treatment was needed, another report would have been filed. *Id.* Finally, the sallyport doors close slowly and are loud, so there is sufficient notice and time to move out of the way. *Id.* There are no documents or video showing that the alleged incident happened. And Hollett has offered no evidence to rebut Hunt's proffered evidence. Thus, Hollett has not met his burden of showing a genuine issue of material fact to avoid summary judgment. *Sonner*, 911 F.3d at 992.

### III.     CONCLUSION

I THEREFORE ORDER that the defendant's motion for summary judgment **(ECF No. 15) is granted**. The clerk of court is directed to enter judgment in favor of defendant Justin Hart and against plaintiff David Hollett on all claims and to close this file.

Dated: April 24, 2024

_____
Andrew P. Gordon
United States District Judge

---

[1] Hollett originally said the incident occurred on June 20, 2022, then later said it occurred on June 24, 2022. ECF No. 15-6 at 3.